IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CAMERON MILLER and THERESA MILLER, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) CAUSE NO. |
| REDLINE RECOVERY SERVICES, LLC, | ) 1:10-cv-1405 SEB-TAB ) ) ) |
| Defendant. | ) Jury Demanded |

## COMPLAINT

Plaintiffs, Cameron Miller and Theresa Miller, by counsel, hereby bring this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et. seq. ("FDCPA"), for a finding that Defendant committed violations of the FDCPA, and to recover damages for those violations, and in support thereof say and allege:

### JURISDICTION AND VENUE

1. The Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Defendant conducts business here; and c) Plaintiffs reside here.

### PARTIES

3. Plaintiffs, Cameron Miller and Theresa Miller ("Mr. and Mrs. Miller") are residents of the State of Indiana and reside in the Southern District of Indiana.

32009                                  1

4. Defendant, Redline Recovery Services, LLC ("Redline") is a Georgia Limited Liability Company with its principal place of business located in Alpharetta, Georgia. Redline attempts to collect debts from consumers residing in the Southern District of Indiana.

## FACTUAL ALLEGATIONS

5. Redline is a collection agency that performs consumer debt collection work for its clients.

6. Redline is a debt collector as defined by 15 U.S.C. § 1692a(6) of FDCPA.

7. Redline was retained to perform third party consumer debt collection legal work on behalf of its client, Midland Funding, LLC ("Midland").

8. In its capacity as a third party debt collector for Midland, Redline attempted to collect an alleged Midland debt from Mr. and Mrs. Miller.

9. Beginning in middle to late November, 2009, Redline began making repetitive telephone calls to Mr. and Mrs. Miller's neighbors.

10. One neighbor of Mr. and Mrs. Miller was called three (3) times with approximately four (4) to five (5) days between calls. The calls were not for the purpose of obtaining location information. The neighbor was instructed to inform Mr. and Mrs. Miller that they should call Redline about a "very serious matter".

11. After the phone calls were made to the neighbors, Redline made phone calls directly to Mr. and Mrs. Miller. The Redline collector informed Mr. and Mrs. Miller that she would continue to call the neighbors every day until Mr. and Mrs. Miller made certain payments that were being demanded by Redline.

12. Despite the fact that they are both disabled and are living on Social Security Disability, Mr. and Mrs. Miller made five (5) fifty dollar ($50.00) payments in an effort to prevent Redline from calling their neighbors.

## COUNT I
### Violation of 15 U.S.C. § 1692c(b) and § 1692b(3)
### Communication with Third Parties

13. Mr. and Mrs. Miller hereby adopt and re-allege paragraphs one (1) through twelve (12) of their complaint.

14. 15 U.S.C. § 1692c(b) of the FDCPA states that:

> "Except as provided in section 804, without the prior consent of the consumer given directly to the debt collector ... a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney ...."

15. Redline's communication with Mr. and Mrs. Miller's neighbors was not for the purpose of acquiring location information.

16. 15 USC § 1692b(3) of the FDCPA provides that a debt collector cannot "communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information."

17. Redline's telephone communication with Mr. and Mrs. Miller's neighbors constitutes a violation of 15 U.S.C. § 1692c(b) of the FDCPA.

18. If Redline was attempting to obtain location information from Mr. and Mrs. Miller's neighbors, the repetitive nature of the phone calls constitutes a violation of 15 USC § 1692b(3) of the FDCPA.

19. Redline's violations of 15 USC § 1692c(b) and 15 USC § 1692b(3) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys fees in accordance with 15 U.S.C. § 1692k of FDCPA.

## COUNT II
### Violation of 15 U.S.C. § 1692d(5)
### Harassment or Abuse

20. Mr. and Mrs. Miller hereby adopt and re-allege paragraphs one (1) through nineteen (19) of their complaint.

21. 15 U.S.C. § 1692d(5) of the FDCPA states that " engaging any person in telephone conversations repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number" is a violation of the FDCPA.

22. Redline's repetitive phone calls to Mr. and Mrs. Miller's neighbors constitutes a violation of 15 U.S.C. § 1692d(5) of the FDCPA.

23. Redline's violation of 15 U.S.C. § 1692d(5) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k of FDCPA.

## COUNT III
### Violation of 15 U.S.C. § 1692e(5)
### False or Misleading Representations

24. Mr. and Mrs. Miller hereby adopt and re-allege paragraphs one (1) through twenty three (23) of their complaint.

25. 15 USC §1692e(5) of the FDCPA states that it is a violation of the FDCPA to threaten to take any action that cannot legally be taken or that is not intended to be taken.

26. Redline was legally prohibited from making telephone calls to Mr. and Mrs. Miller's neighbors by 15 USC § 1692c(b) of FDCPA.

26. Redline's threat to continue calling Mr. and Mrs. Miller's neighbors every day until Mr. and Mrs. Miller made payment constituted a threat to take action that cannot legally be taken in violation of 15 USC §1692e(5) of the FDCPA.

27. Redline's violation of 15 U.S.C. § 1692e(5) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k of FDCPA.

### REQUEST FOR RELIEF

Plaintiffs, Cameron Miller and Theresa Miller, hereby request that the Court:

1. Declare that Defendant's debt collection actions violated FDCPA.

2. Enter Judgment in favor of Plaintiffs, Cameron Miller and Theresa Miller, and against Defendant, Redline Recovery Services, LLC, for actual damages, statutory damages, costs, and reasonable attorneys fees pursuant to 15 U.S.C. §1692k of the FDCPA.

3. Grant such further just and proper relief.

**JURY DEMAND**

Plaintiffs, Cameron Miller and Theresa Miller, hereby demand a trial by jury.

Respectfully submitted,

NERZ WALTERMAN, P.C.

By: _____
C. Warren Nerz, Esq. (16152-49)
Attorney for Plaintiffs

By: _____
Joseph B. Walterman, Esq. (24436-49)
Attorney for Plaintiffs

C. Warren Nerz, Esq.
Joseph B. Walterman, Esq
NERZ WALTERMAN, P.C.
5144 East Stop 11 Road
Suite 20
Indianapolis, Indiana 46237
(317) 885-7500

32009